Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Nicole Lynn Crosbie**
**Jason Andrew Crosbie**

Case No. **21-41091**
CHAPTER 13 PLAN ☑ Modified
Dated: **May 23, 2025**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1   As of the date of this plan, the debtor has paid the trustee $58,128.00__.

2.2   After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| **$1,525.00** | **06/2025** | **02/2026** | **$13,725.00** |
| | | | |
| | | TOTAL: | **$13,725.00** |

2.3   The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4   The debtor will also pay the trustee   **0.00**   .
2.5   The debtor will pay the trustee a total of $  **71,853.00**   [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available  funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed.  The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **7,185.30**   [line 2.5 x .10]

**Trustee has already been paid $4,457.74**

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| **5.1** | **Credit Acceptance Corp** | **2012 BMW**<br>**Jointly titled although this is our son's car.** |

| | Creditor | Description of Property |
|---|---|---|
| 5.2 | US Bank - second mortgage | homestead<br>this was down payment assistance, we believe this goes away after a certain time<br>Homestead: Lot 4, Block 1, Lofgren's Addition, Anoka County, Minnesota.<br>Value per 2021-2022 property statement |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | **US Bank Home Mortgage** | **$4,894.37** | **$269.72** | 08/2025 | **6** | **$1618.31** | **$3,276.06** | **$4,894.37** |
| | | | | | | | TOTAL | **$4,894.37** |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay  the  amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | | |
| | | | | | | | | TOTAL | **$0.00** |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay,the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.  For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.  Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).  Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ☐ | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | TOTAL | **$0.00** |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ✔ | | | **3** | **$** | | |
| 9.1 | **Global Lending** | **$22,251.73** | **05.5** | | **08/2025** | **$229.54** | **6** | **$1377.22** | **$150 AP $22,530.12** | **$24,057.34** |

| | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.2 | Minnesota Department of Revenu | $18,032.80 | 4.00 | ☐ | 08/2025 | 463.97 | 5 | $<br>$927.94 | $17,104.86 | $18,032.80 |
| | | | | | | | | TOTAL | | $42,090.14 |

**Part 10.  PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Attorney Fees | $9,615.00 | 06/2025 | pro rata | 1 | $1670.25 | $7944.75 | $9,615.00 |
| 10.2 | Internal Revenue Service | $988.29 | after secured | pro rata | 3 | $940.23 | $48.06 | $988.29 |
| 10.3 | Minnesota Revenue | $5,509.04 | after secured | pro rata | 3 | $5241.17 | $267.87 | $5,509.04 |
| | | | | | | TOTAL | | $16,112.33 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | |
| | | | | | | TOTAL | | $0.00 |

**Part 12.  SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following.  The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| | Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | | |
| | | | | | | | TOTAL | | $0.00 |

**Part 13.  TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **1,570.86**  [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1  The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00** .

13.2  The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **117,749.97** .

13.3  Total estimated unsecured claims are $ **117,749.97**  [lines 13.1 + 13.2].

**Part 14.  TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15.  SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of Property<br>(including complete legal description of real property) |
|---|---|---|
| 15.1 | GM Financial | 2019 Dodge Challanger GR Coupe<br>11.59% interest<br>72 month loan taken out March 2021<br>$429.70 payments |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | *The plan is a step plan which will pay as follows:  $58,128.00 Monthly for 1 month, then $1,525.00 Monthly for 9 months |
|---|---|
| 16.2 | A. SURRENDER and RELIEF FROM STAY:  Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim.  For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim.   Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.<br>B. Pursuant to 11 U.S.C. Section 1305, the IRS may file a proof of claim for taxes that become payable while the case is pending.  The trustee shall only pay 11 U.S.C. Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.<br>C. Notwithstanding the foregoing payment schedule, any approved fees for debtors' attorney shall be paid before other priority or unsecured claimants, unless doing so would have the effect of "busting" the plan in which case said fees would only be paid after all other secured and priority  claims have been paid in full, and if that still busts the plan then the trustee shall have no obligation to pay attorney's fee claims exceeding the amount paid in by debtor.<br>D. The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. Joint debtors shall be entitled to retain the first $2,000 of refunds plus any earned income credit (EIC), plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment. |
| 16.3 | |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | 7,185.30 |
| Home mortgages in default [Part 6] | $ | 4,894.37 |
| Claims in Default [Part 7] | $ | 0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | 0.00 |
| Secured claims excluded from § 506 [Part 9] | $ | 42,090.14 |
| Priority Claims [Part 10] | $ | 16,112.33 |
| Domestic support obligation claims [Part 11] | $ | 0.00 |
| Separate classes of unsecured claims [Part 12] | $ | 0.00 |
| Timely filed unsecured claims [Part 13] | $ | 1,570.86 |
| TOTAL (must equal line 2.5) | $ | 71,853.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed:  **/s/ Timothy Theisen**
         **Timothy Theisen**
         Attorney for debtor

Signed:  **/s/ Nicole Lynn Crosbie**
         **Nicole Lynn Crosbie**
         Debtor 1

Signed:  **/s/ Jason Andrew Crosbie**
         **Jason Andrew Crosbie**
         Debtor 2 (if joint case)

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re                                                            Case No. **21-41091**

**Nicole Lynn Crosbie**
**Jason Andrew Crosbie**
Debtor(s).

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☑ OTHER (PLEASE DESCRIBE: **motion to modify plan**        )

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1.    The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2.    The  Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3.    **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4.    I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5.    My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6.    **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: _____5/23/25_____

X ___*Nicole Crosbie*_____          X ___*Jason Crosbie*_____
Signature of Debtor1 or Authorized                   Signature of Debtor 2
Representative

**Nicole Lynn Crosbie**                                   **Jason Andrew Crosbie**
Printed Name of Debtor 1 or                             Printed Name of Debtor 2
Authorized Representative

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

CASE NO: 21-41091

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 5/28/2025, I did cause a copy of the following documents, described below,

Motion to Modify Plan

Mod plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 5/28/2025

/s/ Timothy C. Theisen
Timothy C. Theisen

Theisen Law
229 Jackson Street, Suite 105
Anoka, MN  55303
763 421 0965
admin@theisenlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

CASE NO: 21-41091

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 5/28/2025, a copy of the following documents, described below,

Motion to Modify Plan

Mod plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 5/28/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Timothy C. Theisen
Theisen Law
229 Jackson Street, Suite 105
Anoka, MN  55303

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
08644
CASE 21-41091
DISTRICT OF MINNESOTA
MINNEAPOLIS
MON FEB 5 11-17-09 CST 2025

AMERICREDIT FINANCIAL SERVICES INC DBA GM
CO STEWART ZLIMEN  JUNGERS LTD
2860 PATTON ROAD
ROSEVILLE MN 55113-1100

CREDIT ACCEPTANCE CORP
CO STEWART ZLIMEN  JUNGERS LTD
2860 PATTON ROAD
ROSEVILLE MN 55113-1100

US BANK NATIONAL ASSOCIATION
14841 DALLAS PARKWAY SUITE 425
DALLAS TX 75254-8067

US BANK NATIONAL ASSOCIATION
4500 PARK GLEN ROAD
SUITE 300
ST LOUIS PARK MN 55416-4891

EXCLUDE
MINNEAPOLIS
301 DIANA E MURPHY US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415-1320

ATT WIRELESS
208 SOUTH AKARD STREET
DALLAS TX 75202-4206

AFFIRM INC
650 CALIFORNIA ST FL 12
SAN FRANCISCO CA 94108-2716

ALINA HEALTH
PO BOX 77008
MINNEAPOLIS MN 55480-7708

(P)AMERICREDIT FINANCIAL SERVICS DBA GM FINAN
PO BOX 183853
ARLINGTON TX 76096-3853

BANFIELD PET HOSPITAL
18101 SE 6THWAY
VANCOUVER WA 98683-7509

BRICKHOUSE OPCO I LLC
4053 MAPLE ROAD SUITE 122
AMHERST NY 14226-1058

CAPITAL ONE
ATTN BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CAPITAL ONE BANK (USA) NA
BY AMERICAN INFOSOURCE AS AGENT
PO BOX 71083
CHARLOTTE NC 28272-1083

CAPITAL ONE
PO BOX 31293
SALT LAKE CITY UT 84131-0293

COMCAST
10 RIVER PARK PLAZA
SAINT PAUL MN 55107-1225

CREDIT ACCEPTANCE
25505 W TWELVE MILE RD
SUITE 3000
SOUTHFIELD MI 4803
SOUTHFIELD MI 48034-8331

CREDIT ACCEPTANCE CORP
PO BOX 513
SOUTHFIELD MI 48037-0513

CREDIT ONE BANK
PO BOX 98872
LAS VEGAS NV 89193-8872

CREDIT ONE
PO BOX 98875
LAS VEGAS NV 89193-8875

EMERGENCY DENTAL CARE
1700 W HIGHWAY 36
ROSEVILLE MN 55113-4102

(P)FIRST NATIONAL BANK OF OMAHA
1620 DODGE ST
STOP CODE 3113
OMAHA NE 68102-1593

FIRST PREMIER BANK
3820 N LOUISE AVE
SIOUX FALLS SD 57107-0145

FIRST PREMIER BANK
601 SOUTH MINNESOTA AVENUE
SIOUX FALLS SD 57104-4868

(P)FIRST NATIONAL BANK
ATTN BANKRUPTCY
1500 S HIGHLINE AVE
SIOUX FALLS SD 57110-1003

GM FINANCIAL
PO BOX 181145
ARLINGTON TX 76096-1145

(P)GLOBAL LENDING SERVICES LLC
1200 BROOKFIELD BLVD STE 300
GREENVILLE SC 29607-6583

USPS FIRST CLASS MAILING RECIPIENTS.
Parties with names struck through or labeled D/N/O/SERVICE were not served via First Class USPS Mail Service.

GURSTEL LAW FIRM
6681 COUNTRY CLUB DR
GOLDEN VALLEY MN 55427-4601

IC SYSTEM INC
PO BOX 64378
SAINT PAUL MN 55164-0378

IC SYSTEM INC
PO BOX 64378
SAINT PAUL MN 55164-0378

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346

(P)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

MN DEPT OF REVENUE
PO BOX 64447
ST PAUL MN 55164-0447

MINNESOTA DEPARTMENT OF REVENU
MAIL STATION 7703
SAINT PAUL MN 55146-7703

MINNESOTA REVENUE
PO BOX 64564
SAINT PAUL MN 55164-0564

NCB MANAGEMENT SERVICE
1 ALLIED DR
FEASTERVILLE TREVOSE PA 19053-6945

NCB MANAGEMENT SERVICE
1 ALLIED DR
TREVOSE PA 19053-6945

OPPLOANSFEB
130 E RANDOLPH ST STE 34
CHICAGO IL 60601-6207

PERSONIFY
PO BOX 208417
DALLAS TX 75320-8417

PREMIER BANKCARD LLC
JEFFERSON CAPITAL SYSTEMS LLC ASSIGNEE
PO BOX 7999
SAINT CLOUD MN 56302-7999

QUANTUM3 GROUP LLC AS AGENT FOR
SADINO FUNDING LLC
PO BOX 788
KIRKLAND WA 98083-0788

REGIONAL ACCEPTANCE CORP
PO BOX 580075
CHARLOTTE NC 28258-0075

REGIONAL ACCEPTANCE CORPORATION
PO BOX 1847
WILSON NC 27894-1847

REPUBLIC BANK TRUST CO
CHRISTY AMES
601 W MARKET STREET
LOUISVILLE KY 40202-2700

TD BANK
CO WEINSTEIN  RILEY
PO BOX 3978
SEATTLE WA 98124-3978

(P)TEMPOE LLC DBA WHY NOT LEASE IT
ATTN BOB HOLWADEL
720 EAST PETE ROSE WAY SUITE 400
CINCINNATI OH 45202-3576

US BANK BANK HOME MORTGAGE
A DIVISION OF US BANK NA
2800 TAMARACK RD
OWENSBORO KENTUCKY 42301-6566

(P)U S BANK
4801 FREDERICA STREET
OWENSBORO KY 42301-7441

US TRUSTEE
1015 US COURTHOUSE
300 S 4TH ST
MINNEAPOLIS MN 55415-3070

VANCE  HUFFMAN LLC
55 MONETTE PKWY STE 100
SMITHFIELD VA 23430-2577

VERIZON WIRELESS
PO BOX 650051
DALLAS TX 75265-0051

WASTE CONNECTION
PO BOX 4500
ALLEN TX 75013-1311

GREGORY A BURRELL
100 SOUTH FIFTH STREET
SUITE 480
MINNEAPOLIS MN 55402-1250

USPS FIRST CLASS MAILING RECIPIENTS
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

JASON ANDREW CROSBIE
3049 113TH AVENUE NW
COON RAPIDS MN 55433-3475

NICOLE LYNN CROSBIE
3049 113TH AVENUE NW
COON RAPIDS MN 55433-3475